ABELMAN, FRAYNE & SCHWAB
Jeffrey A. Schwab (JS 9592)
John H. Choi (JC 1286)
666 Third Avenue
New York, New York 10017
(212) 949-9022

*Attorneys for Plaintiff Jeup, Inc.*




**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

JUDGE HOLWELL




JEUP, INC., d/b/a Jeup Furniture, a Michigan corporation,

Plaintiff,

-against-

CHENG MENG FURNITURE CO. LTD., a Singapore corporation,

Defendant.

Civil Action No. _______

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Jeup, Inc. ("Jeup" or "Plaintiff"), by its undersigned attorneys, states for its Complaint against defendant Cheng Meng Furniture Co. Ltd. ("Cheng Meng" or "Defendant") upon knowledge with respect to its own acts and upon information and belief with respect to all other matters, as stated below.

**THE PARTIES**

1. Plaintiff Jeup, Inc. which also does business under the name "Jeup Furniture," is a Michigan corporation with its principal place of business at 6661 Roger Drive, Jenison, Michigan 49428.

2. Upon information and belief, defendant Cheng Meng Furniture Co. Ltd. is a Singapore corporation with its principal place of business at 3 Kallang Pudding Road, Singapore 349308.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement and damages arising under the Acts of Congress relating to patents, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over this matter for defendant Cheng Meng ("Defendant") under 28 U.S.C. § 1331, 1332 and 1338.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 and 1400. Upon information and belief, Defendant has engaged in the complained of activities in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

5. Plaintiff is a well known designer and manufacturer of luxury furniture. Plaintiff's products are often displayed at the finest showrooms, hotels and estates throughout the world.

6. On April 9, 2002, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Design Patent No. D455,291 ("the '291 Patent") to Jeup as assignee. Attached hereto as **Exhibit 1** is a true and correct copy of the '291 Patent. Jeup is the owner of the entire right, title and interest in and to the '291 Patent.

7. The '291 Patent claims "[t]he ornamental design for a buffet," which is shown and described in the '291 Patent.

8. On July 3, 2001, the PTO duly and legally issued United States Design Patent No. D444,323 ("the '323 Patent") to Jeup as assignee. Attached hereto as **Exhibit 2** is a true and

correct copy of the '323 Patent. Jeup is the owner of the entire right, title and interest in and to the '323 Patent.

9. The '323 Patent claims "[t]he ornamental design for a table," which is shown and described in the '323 Patent.

10. Upon information and belief, defendant Cheng Meng is also engaged in the business of manufacturing furniture.

11. Upon information and belief, Defendant's United States sales office is located at 95 Morton Street, New York, New York 10014. Upon information and belief, Cheng Meng's furniture is sold in this judicial district, in the State of New York, and throughout the United States in interstate commerce.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '291 Patent)**

12. Plaintiff hereby incorporates and re-alleges Paragraphs 1-11 above as if fully set forth herein.

13. Upon information and belief, Defendant has made, used, imported, sold and/or offered for sale products that infringe the '291 Patent, including but not limited to products designated "TV62." Attached hereto as **Exhibit 3** is a true and correct copy of Cheng Meng's "TV62" product.

14. Upon information and belief, defendant Cheng Meng has induced others to infringe the '291 Patent by encouraging and promoting the use, manufacture, importation, sale and/or offer for sale by others of products that infringe the '291 Patent, including but not limited to products designated "TV62."

15. Upon information and belief, Defendant had notice and actual knowledge of the '291 Patent before the filing of this suit, and its infringement of the '291 Patent has been and continues to be willful and deliberate.

16. Plaintiff has been damaged by infringement of the '291 Patent by Defendant in an amount to be determined at trial, such damages including all of its profits from the infringement alleged herein. Furthermore, by these infringing acts, Defendant has irreparably injured Plaintiff and such injury will continue unless Defendant is enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '323 Patent)**

17. Plaintiff hereby incorporates and re-alleges Paragraphs 1-16 above as if fully set forth herein.

18. Upon information and belief, Defendant has made, used, imported, sold and/or offered for sale products that infringe the '323 Patent, including but not limited to products designated "LT346." Attached hereto as **Exhibit 4** is a true and correct copy of Cheng Meng's "LT346" product.

19. Upon information and belief, Defendant has induced others to infringe the '323 Patent by encouraging and promoting the use, manufacture, importation, sale and/or offer for sale by others of products that infringe the '323 Patent, including but not limited to products designated "LT346."

20. Upon information and belief, Defendant had notice and actual knowledge of the '323 Patent before the filing of this suit, and its infringement of the '323 Patent has been and continues to be willful and deliberate.

21. Plaintiff has been damaged by infringement of the '323 Patent by Defendant in an amount to be determined at trial, such damages including all of its profits from the

infringement alleged herein. Furthermore, by these infringing acts, Defendant has irreparably injured Plaintiff and such injury will continue unless Defendant is enjoined by this Court.

**THIRD CLAIM FOR RELIEF**
**(False Advertising)**

22. Plaintiff hereby incorporates and re-alleges Paragraphs 1-21 above as if fully set forth herein.

23. Upon information and belief, Defendant substantially copied Plaintiff's ornamental designs which are protected under the '291 Patent and the '323 Patent, incorporated Plaintiff's designs in its own products, and advertised and sold these products as Cheng Meng's own designs.

24. Upon information and belief, Defendant was well aware of Plaintiff's protected ornamental designs claimed in the '291 Patent and the '323 Patent.

25. Defendant's representation is false and misleading, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Cheng Meng with Plaintiff, or as to the origin, sponsorship, or approval of Cheng Meng's products.

26. Defendant's false advertising is willful and Plaintiff has been irreparably harmed by Defendant's acts.

**FOURTH CLAIM FOR RELIEF**
**(Deceptive Trade Practices)**

27. Plaintiff reincorporates and re-alleges Paragraphs 1-26 above as if fully set forth herein.

28. The conduct of Defendant in their manufacture, use, importation, sale and/or offer for sale of products that infringe Plaintiff's '291 Patent and '323 Patent and false advertising as alleged herein constitutes a violation of General Business Law § 349, which prohibits any "deceptive acts or practices in the conduct of any business, trade or commerce," and the common law of New York.

29. These deceptive trade practices have resulted in damage to Plaintiff and injury to consumers, the unjust enrichment of Defendant, and caused Plaintiff to suffer a substantial loss of goodwill and reputation, and such injury will continue unless Defendant is enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**
**(Unfair Competition)**

30. Plaintiff reincorporates and re-alleges Paragraphs 1-29 above as if fully set forth herein.

31. Defendant willfully, unfairly and in bad faith misappropriated and exploited Plaintiff's labor, skill and expenditures including but not limited to Plaintiff's designs which are protected under the '291 Patent and the '323 Patent for their own commercial advantage.

32. Plaintiff has been harmed by Defendant's unfair competition.

33. Defendant's misappropriation is willful and Plaintiff has been irreparably harmed by Defendant's acts.

**SIXTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**

34. Plaintiff reincorporates and re-alleges Paragraphs 1-33 above as if fully set forth herein.

35. Defendant has been enriched at Plaintiff's expense by willfully and in bad faith misappropriating Plaintiff's labor, skill and expenditures including but not limited to Plaintiff's designs protected by the '291 Patent and the '323 Patent.

36. It is against equity and good conscience to permit Defendant to retain profits derived from the promotion and sale of defendant Cheng Meng's infringing products.

37. Defendant's misappropriation is willful and Plaintiff has been irreparably harmed by Defendant's acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

A. That Defendant be adjudged to have infringed the '291 and '323 Patents;

B. That Defendant be adjudged to have induced infringement of the '291 and '323 Patents;

C. That Defendant's infringement of the '291 and '323 Patents be adjudged willful and deliberate;

D. That this case be deemed exceptional under 35 U.S.C. § 285, and that the damages for patent infringement be enhanced accordingly;

E. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Lanham Act;

F. That Defendant, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with

Defendant be preliminarily and permanently enjoined from infringing or inducing infringement of the '291 and '323 Patents and, specifically, from directly or indirectly making, using, selling, or offering for sale, any products embodying the inventions of the '291 and '323 Patents during their terms, without the express written authority of Plaintiff;

G. An accounting for Defendant's profits derived by reason of the acts of infringement and inducing infringement alleged in this Complaint pursuant to 35 U.S.C. § 289;

H. An award of damages suffered by Plaintiff, and the trebling thereof, pursuant to 35 U.S.C. § 284;

I. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by their false advertising, deceptive trade practices, unfair competition and unjust enrichment or such damages as are proper, and for the maximum allowable statutory damages for each violation;

J. Awarding Plaintiff actual damages for Defendant's false advertising, deceptive trade practices, unfair competition and unjust enrichment in an amount to be determined at trial;

K. Reasonable attorney's fees, prejudgment interest, and costs of this action;

L. Punitive damages in an amount to be determined at trial for Defendant's willful patent infringement, false advertising, deceptive trade practices, unfair competition and unjust enrichment; and

M. Awarding Plaintiff such other and further relief as is just and proper.

Jury Trial Demand

Plaintiff Jeup, Inc. hereby demands a trial by jury of this action.

Dated: June 26, 2007
New York, New York

ABELMAN, FRAYNE & SCHWAB

Jeffrey A. Schwab (JS 9592)
John H. Choi (JC 1286)
666 Third Avenue
New York, New York 10017
(212) 949-9022

*Attorneys for Plaintiff Jeup, Inc.*

# EXHIBIT 1